925 F.2d 1480
 18 U.S.P.Q.2d 1545
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Hylan B. STOLLER, Estate of deceased intestate and his
heirs, Lillian Stoller, Jean Stoller Merzon, Jack Stoller,
Barbara Stoller Zeien, Pamela Stoller Davis, and Jason Art
Stoller, Plaintiffs-Appellants,
v.
FORD MOTOR COMPANY and Mercedes-Benz of North America, Inc.,
Defendants-Appellees.
 Nos. 89-1493, 89-1494.
 United States Court of Appeals, Federal Circuit.
 Jan. 25, 1991.
 
 Before PLAGER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 LOURIE, Circuit Judge.
 
 
 1
 This is an appeal from the grant by the District Court for the Northern District of Illinois of defendants-appellees' motion for summary judgment holding claims 5 and 6 of U.S. Patent 3,507,538 invalid as anticipated under 35 U.S.C. Sec. 102(b) and obvious under 35 U.S.C. Sec. 103. We hold that the district court erred; we reverse-in-part, vacate-in-part, and remand for further proceedings.
 
 OPINION
 
 2
 Appellants own U.S. Patent 3,507,538, issued to Hylan B. Stoller, and have sued appellees for infringement of claims 5 and 6. The patent claims headrests which are used in automobiles as safety devices to aid in preventing whiplash injuries. Appellees are automobile manufacturers who have sold headrests as part of their automobiles.
 
 
 3
 Appellees based their summary judgment motion on four prior art references: U.S. Patent 2,985,228, issued to Golden; U.S. Patent 3,159,427, issued to Lawson; U.S. Patent 3,231,308, issued to Redfield; and U.S. Patent 3,223,447, issued to Terracini. The district court held that there was no genuine issue as to whether the Golden patent anticipated the invention of claim 5, concluding that there was anticipation by inherency. The court also concluded that there was no genuine issue as to whether the Terracini patent anticipated claim 6 or as to the obviousness of claims 5 and 6. It determined that obviousness followed directly from its conclusions on anticipation; it did not provide any analysis on the question. This appeal followed.
 
 I. Summary Judgment
 
 4
 A party is entitled to summary judgment where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Howes v. Medical Components, Inc., 814 F.2d 638, 643, 2 USPQ2d 1271, 1273 (Fed.Cir.1987). The movant has the burden of demonstrating the absence of any genuine issue of material fact. Jamesbury Corp. v. Litton Indus. Prods., Inc., 839 F.2d 1544, 1548, 5 USPQ2d 1779, 1782 (Fed.Cir.), cert. denied, 488 U.S. 828 (1988). A dispute is genuine if, based on the entire record, a reasonable jury can resolve a factual matter in favor of the non-movant. Sweats Fashions, Inc. v. Pannill Knitting Co., 833 F.2d 1560, 1562, 4 USPQ2d 1793, 1795 (Fed.Cir.1987). The district court must view the evidence in the light most favorable to the nonmoving party, any doubts being resolved in favor of the party opposing the motion. Jamesbury Corp., 839 F.2d at 1548, 5 USPQ2d at 1782.
 
 
 5
 As a threshold issue, appellees argue that appellants cannot now be heard to dispute the district court's granting of summary judgment because appellants did not submit any exhibits, declarations, or affidavits with their opposition to the motion in the district court. To support their argument, appellees cite Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd., 731 F.2d 831, 221 USPQ 561 (Fed.Cir.1984), in which the court held that the party opposing summary judgment "must point to an evidentiary conflict created on the record at least by a counter statement of a fact or facts set forth in detail in an affidavit by a knowledgeable [person]." Id. at 836, 221 USPQ at 564. That case is inapposite to the present one because, in Barmag Barmer, the disputed facts centered, not on matters that can be resolved by reviewing references, as in our case, but on whether one of the patented devices was on sale more than one year before the filing date of the patent application, id. at 836-37, 221 USPQ at 565, an inquiry which is fact-intensive.
 
 
 6
 Opposing a summary judgment motion based on anticipation by and obviousness over a reference, however, does not, for purposes of preserving a right of appeal, require more than that the opposing party assert, with substantiation, that the prior art references cited by the movant do not disclose or render obvious the invention of the patent. The court can determine what the prior art references disclose without the aid of extrinsic facts. See Union Carbide Corp. v. American Can Co., 724 F.2d 1567, 1573, 220 USPQ 584, 589 (Fed.Cir.1984) ("the references and appellant's invention are easily understandable without the need for expert explanatory testimony"). Appellants made those assertions and we therefore conclude that, under the circumstances here, appellants did not fail to properly oppose the motion for summary judgment.
 
 II. Anticipation
 
 7
 A patent is presumed valid under 35 U.S.C. Sec. 282; invalidity of a claim must be proved by clear and convincing evidence. Uniroyal, Inc. v. Rudkin-Wiley Corp., 837 F.2d 1044, 1050, 5 USPQ2d 1434, 1438 (Fed.Cir.), cert. denied, 488 U.S. 825 (1988). Whether a prior art reference anticipates a patented claim is a question of fact. Chester v. Miller, 906 F.2d 1574, 1576, 15 USPQ2d 1333, 1335 (Fed.Cir.1990). A prior art reference anticipates a claim, and thus invalidates it under 35 U.S.C. Sec. 102, if that reference discloses each and every element of the claim. Richardson v. Suzuki Motor Co., 868 F.2d 1226, 1236, 9 USPQ2d 1913, 1920 (Fed.Cir.), cert. denied, --- U.S. ----, 110 S.Ct. 154 (1989).
 
 A. Claim 5
 
 8
 The district court concluded that the Golden patent, which was not before the examiner, expressly discloses every element of claim 5, except that pertaining to the frictional and pivotal connecting means in claim 5.[1] Golden discloses a mechanism for adjusting and locking a headrest on a chair, for example, a dental chair. The court concluded that there was no genuine issue of material fact, and that, if the locking device in Golden were adjusted to a particular level, i.e., loosened, a frictional force would exist between the locking device and the horizontal shaft, and the position of the headrest could then be adjusted solely by manipulation of the headrest.[2] The district court concluded that "as a matter of 'scientific fact' " Golden inherently discloses a headrest whose pivotal position can be adjusted solely by manipulation of the headrest when the clamp is properly adjusted, the headrest being operated in the same manner as the headrest of claim 5.
 
 
 9
 The district court correctly noted that if a claimed invention is inherently disclosed in a prior art reference, that reference can anticipate a claim. See Verdegaal Bros., Inc. v. Union Oil Co. of Cal., 814 F.2d 628, 633, 2 USPQ2d, 1051, 1054 (Fed.Cir.), cert. denied, 484 U.S. 827 (1987). We do not agree, however, that the device of the Golden reference inherently possesses the frictional and pivotal connecting means in claim 5. The Golden patent teaches how a headrest can be locked in one position and then, when the locking means is unlocked, be repositioned and locked in another position. Golden does not disclose a partial locking means where further movement is allowed; the device in Golden does not provide for any type of partial locking means, such as a frictional connection would imply. In fact, one would be very surprised to find a dentist chair headrest that meets the requirements of claim 5. Adjustment of the chair by the patient during a dental procedure could lead to such unsatisfactory results that one would not expect to have a headrest that could be adjusted "solely by manipulation."
 
 
 10
 Claim 5, on the other hand, does not define any locking means. It requires a frictional and pivotal connecting means. The district court's conclusion that the Golden patent inherently discloses the frictional and pivotal connecting means is incorrect because an inherent property has to flow naturally from what is taught in a reference. See In re Oelrich, 666 F.2d 578, 581, 212 USPQ 323, 326 (CCPA 1981) (citing Hansgirg v. Kemmer, 102 F.2d 212, 214, 40 USPQ 665, 667 (CCPA 1939)). A frictional and pivotal connecting means does not naturally flow from what is taught by the Golden patent. The district court therefore erred in determining that Golden discloses every element of the claimed invention and anticipates claim 5. That part of the court's grant of appellees' motion for summary judgment is reversed.
 
 B. Claim 6
 
 11
 Claim 6 includes all the elements of claim 5, but adds a backrest with sleeve and a raising and lowering frictional clamping means. The district court found that the Terracini patent discloses every element in claim 6.[3] We conclude, however, that the court erred in determining that claim 6 was anticipated by Terracini. Terracini clearly does not disclose all the elements of claim 6, in particular, an elongated rigid member and a frictional and pivotal connecting means. The district court may have intended to combine Terracini and Golden to find anticipation of claim 6, but a rejection for anticipation requires that a reference disclose every component of a claimed invention. Since Terracini clearly does not disclose Stoller's frictional and pivotal connecting means, Terracini cannot anticipate claim 6. That part of the court's grant of appellee's motion for summary judgment holding that Terracini anticipates claim 6 is therefore reversed.
 
 
 12
 Appellees also moved for summary judgment on the ground that claims 5 and 6 were anticipated by Lawson. The district court concluded that genuine issues of material fact remained for trial on this issue. This matter was not raised on appeal.
 
 III. Obviousness
 
 13
 Whether a claim would have been obvious in light of a prior art reference is a question of law which this court reviews de novo. Panduit Corp. v. Dennison Mfg. Co., 810 F.2d 1561, 1566, 1 USPQ2d 1593, 1596 (Fed.Cir.), cert. denied, 481 U.S. 1052 (1987). In determining whether a claimed invention would have been obvious to one of ordinary skill in the art, it is necessary to first determine the scope and content of the prior art, the differences between the prior art and the claims in issue, and the level of ordinary skill in the pertinent art. Secondary considerations such as commercial success, long-felt but unresolved needs, and failure of others can indicate that the claimed invention would not have been obvious to one of ordinary skill in the art. Graham v. John Deere Co., 383 U.S. 1, 17-18, 148 USPQ 459, 467 (1966); Panduit Corp., 810 F.2d at 1566, 1 USPQ2d at 1595-96.
 
 
 14
 The district court concluded that obviousness "follow[ed] directly from" its conclusion that there was no genuine issue as to the anticipation of both claims and that it did not have to analyze the obviousness factors outlined in Graham. Since we have reversed the district court's finding of anticipation, its conclusion of obviousness based on that finding necessarily must be overturned. It was erroneous as a matter of law.
 
 
 15
 Appellee urges us to review the record and to hold that, under a proper application of the Graham factors, the invention would have been obvious. As an appellate court, we decline to take that step, since that is a determination that should be made initially by the district court. While it is not necessary that the particular language stated in Graham be used by a trial court in its obviousness analysis, there must be some analysis which indicates that a trial court employed equivalent concepts in making its decision. Furthermore, the trial court must provide factual underpinnings for any conclusion of obviousness. Loctite Corp. v. Ultraseal Ltd., 781 F.2d 861, 875, 228 USPQ 90, 99 (Fed.Cir.1985). Because the district court did not perform this required analysis, that part of its grant of summary judgment on obviousness is vacated and remanded for further proceedings.
 
 
 16
 In summary, the district court erred in concluding that the Golden patent anticipates claim 5 and the Terracini patent anticipates claim 6; we reverse that part of the judgment. The district court did not sufficiently analyze whether claims 5 and 6 would have been obvious and thus that part of the judgment is vacated. The case is remanded for further proceedings consistent with this opinion.
 
 COSTS
 
 17
 Costs to appellants.
 
 
 
 [1]
 Claim 5 reads in pertinent part: "means frictionally and pivotally connecting said interior of the pillow body to said rigid member ... said frictionally connecting means and said rigid member cooperating to enable said pillow to be pivoted about said eccentric axis solely by manipulation of said pillow...."
 
 
 [2]
 In finding anticipation of claim 5 by Golden, the district court judge stated that he did not rely on a declaration of the examiner who allowed the Stoller patent, which stated that, if he had known of the Golden patent, he would have rejected claim 5 for lack of novelty
 
 
 [3]
 The district court again did not rely on the above-mentioned examiner's declaration which stated that he would have rejected claim 6 as obvious in light of the Golden patent in view of Terracini